UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

PERRY K. SCOTT,

        Petitioner,

v.                                                             Case No. 07-CV-911

WARDEN AVLIA,

        Respondent.

_____

**ORDER**

Petitioner Perry K. Scott ("Scott") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 3, 2006 conviction of possession of cocaine with intent to deliver and possession of a firearm by a felon. After pleading guilty in Milwaukee County Circuit Court, Scott was sentenced to 4 years imprisonment and he is currently confined at Sturtevant Transitional Facility. In an order dated October 19, 2007, U.S. Magistrate Judge Patricia J. Gorence reviewed Scott's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases and ordered the respondent to file a response to the petition.

On November 12, 2007, the respondent filed a motion to dismiss the petition. The respondent asserts that any claimed errors in the preliminary hearing and in the criminal complaint were waived when Scott pleaded guilty to the charged offenses. The respondent also asserts that Scott procedurally defaulted the claims raised in his petition because he did not file a direct appeal from his April 3, 2006 convictions and the time for doing so has expired.

On January 7, 2008, the case was reassigned to this branch of the court because Scott did not consent to magistrate jurisdiction. As a preliminary matter, it appears Scott has filed three previous federal habeas petitions challenging his April 3, 2006 convictions. *See Scott v. Bett*, Case No. 06-CV-476 (E.D. Wis. April 24, 2006); *Scott v. Mitchell*, Case No. 06-CV-973 (E.D. Wis. Nov. 8, 2006); *Scott v. Mitchell*, Case No. 07-CV-245 (E.D. Wis. March 30, 2007). Title 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to get permission from the court of appeals before filing a second or successive habeas petition in the district court. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). However, the Supreme Court held that, where a habeas petition is dismissed for purely procedural reasons without substantive district court review, a subsequent petition is not a second or successive one within the meaning of § 2244(b). *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Here, Scott's latest petition does not constitute a second or successive petition within the meaning of § 2244(b) because his prior petitions were dismissed without substantive district court review.

Pursuant to Civil Local Rule (E.D. Wis.) 7.1, Scott was required to file a response to the respondent's motion to dismiss on or before December 3, 2007. To date, Scott has not filed a response to the motion and the time for doing so has expired. The court will allow Scott additional time to file a response to the respondent's motion to dismiss. Any response must be filed within 14 days from the date of this order. Scott is further advised that if he fails to file a response to the

respondent's motion within 14 days from the date of this order, this action will be dismissed with prejudice and without further notice, pursuant to Civil Local Rule 41.3 and Federal Rule of Civil Procedure 41(b).

Accordingly,

**IT IS ORDERED** that the petitioner file a response to the respondent's motion to dismiss within 14 days from the date of this order.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge